Dear Mr. Dunn:
You present the following two questions to this office:
1) May a police juror be employed by a water/sewer district?
 2) May a police juror also serve as water/sewer district commissioner?
Our response to your first question is "no". The prohibition contained in R.S. 42:64 of Louisiana's Dual Officeholding and Dual Employment Law is applicable in this instance. The water district encompassing Caldwell Parish was created by the Caldwell Police Jury under the authority of LSA-R.S. 33:3811, et seq., which provides in pertinent part:
§ 3811. Division of parish into waterworks districts
 Police juries may divide their respective parishes into one or more waterworks districts, with such name or number as the police jury may designate. The police jury may repeal any ordinance creating a waterworks district, or may abolish a waterworks district in its entirety or may change or alter the boundaries thereof; provided, however, that neither the existence nor the territorial boundaries of a waterworks district shall be changed in any manner which shall impair any obligations that may have been incurred by the waterworks district during the period of its existence . . . (Emphasis added).
LSA-R.S. 42:64 providing for the holding of incompatible offices states:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other
Because LSA-R.S. 33:3811 allocates the authority to disband the waterworks district to the police jury, the prohibitory language of LSA-R.S. 42:64 becomes applicable. A person employed by the water/sewer district cannot legally hold the office of police juror.
Our response to your second question is "yes". The remainder of R.S. 42:64(A)(1) is applicable and provides:
 . . . . . . except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. . . . .
The police jury creates the water district, and may appoint a police juror(s) to serve as water district commissioner.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 2, 2003
 Kerry L. Kilpatrick Assistant Attorney General